Per Curiam.
This action was brought to recover damages for false imprisonment. To sustain the action, plaintiff must prove an unlawful restraint of his liberty by the defendant.
Plaintiff was charged with an assault on a person engaged in erecting a telegraph pole in front of plaintiff’s premises, was arrested by a police officer, and taken to the police court by said officer, and was under arrest.
His imprisonment was caused by the arrest, such imprisonment continuing until his discharge. Whether he should be permitted to remain in the court-room or taken to an adjoining room where prisoners were usually kept, was within the discretion of the officer. He was in either place in custody.
The direction to the police officer to remove plaintiff from the court-room to the room kept for the confinement of prisoners, until his case could be heard by the magistrate, was not therefore an illegal restraint of plaintiff’s person. There was no evidence that plaintiff’s case would have been sooner disposed of if he had not been removed. He was only kept in the prisoners’ room a few moments, when he was brought before the magistrate and committed for trial. Plaintiff was just as much restrained of his liberty before the direction as after, the detention being in a different place.
It is clear, from all the evidence, that plaintiff’s conduct in the courtroom was such as disturbed the proceedings of the court, and it was the duty of the officers of the court to preserve order. The direction given by the defendant was simply the proper performance of that duty; and it is, to say the least, a novel proposition that the fact that the prisoner’s preference as to the particular place of his confinement was not consulted would give him a cause of action as against the officer selecting such place of detention.
The judgment must be affirmed, with costs.